UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME BRAY,

           Plaintiff,

v.

Ethan Berger, Michigan State Police (MSP) Officer
Unknown Skean, Michigan State Police (MSP) Officer
in their individual capacities.
                                      /

Case: 2:23-cv-10410
Judge: Parker, Linda V.
MJ: Grand, David R.
Filed: 02-16-2023
CMP BRAY VS BERGER, ET AL. (DP)

## NEW VERIFIED COMPLAINT

JURY TRIAL DEMANDED

**PRELIMINARY STATEMENT**

    This is a civil rights action filed by Jerome Bray, a United States Citizen and a Citizen of the State of Michigan, in Pro Se, for monetary damages and declaratory relief under 42 USC §1983, alleging unlawful arrest, search and seizure in violation of the Fourth Amendment of the United States Constitution and a Failure to Intervene and Protect in violation of the Fourth Amendment of the United States Constitution.

**JURISDICTION**

    1.    The court has jurisdiction over the plaintiff's claims of violations of federal constitutional rights under 42 USC §1983.

**PARTIES**

    2.    The Plaintiff, Jerome Bray, was a resident of the County of Wayne, State of

Michigan during all times giving rise to the current action.

3. Defendant Ethan Berger was at all times giving rise to this action a Michigan State Police (MSP) officer.

4. Defendant Unknown Skean, was at all times giving rise to this action a Michigan State Police (MSP) officer.

5. The defendants were acting under the color of state law at all times relevant to this complaint.

6. All Defendants are being sued Jointly and Severally in their individual capacity.

I. FACTS/ **STATEMENT OF CLAIM**

a. **Events of Terry Stop:**

1. On February 15, 2017 while traveling in Wayne County, Plaintiff was pulled over (stopped) by Michigan State Police (MSP) officers Ethen Berger and Unknown Skean.

2. At said stop, MSP officer Ethen Berger told the Plaintiff that he was being stopped for an alleged *"following too closely"* traffic violation and the following ensued:

3. At said stop MSP officer Ethen Berger ordered the Plaintiff out of his automobile and placed the Plaintiff under arrest.

4. MSP officer Ethan Berger than searched the Plaintiff and removed $12,000.00 from the Plaintiff's person.

5. MSP officer Ethan Berger than radioed for a canine unit to come to the scene to search the vehicle.

6. MSP officer Ethan Berger than searched the Plaintiff's car wherein he found another $7,841.00 in the center consul of the automobile.

7. MSP officer Ethan Berger then seized the Plaintiff's funds, both the $12,000.00 and

$7,841.00.

**8.** MSP officers Ethan Berger and Unknown Skean then took the Plaintiff to the Michigan State Police Headquarters in Downtown Detroit wherein the Plaintiff was fingerprinted, held in a holding cell and eventually released.

**b. Plaintiff became aware of possible unlawful arrest, search and seizure:**

**9.** In October 2020 while speaking with counsel concerning pending criminal charges, the Plaintiff was informed by his counsel that he (counsel) believed that the Plaintiff's arrest, search, seizure and statements of February 15, 2017 was unlawful. Until this time the Plaintiff had no cause to believe that his arrest, search and seizure was unlawful as he was informed by MSP officer Ethan Berger that his arrest, search and seizure was the result of a traffic violation and the amount of money in his possession.

On November 9th, 2020 Plaintiff's counsel filed a motion to suppress the money recovered by the MSP officers and the statements made by the Plaintiff.

**c. Actual Cause for Stopping Plaintiff:**

**10.** Between June 8, and July 16, 2021 an evidentiary hearing was held on the Motion to Suppress in the United States District Court for the Eastern District of Michigan, Southern Division, Case No. 19-202116.[1] Therein the Plaintiff learned in detail, that the Plaintiff's February 15, 2017 stop by the MSP was actually at the behest of DEA Special Agent Shohn Joyner ("SA Joyner") and then-FBI (now-DEA) Special Agent Stacy Zirkle ("SA Zirkle"). At said evidentiary hearing SA Joyner testified that he told the MSP that [they]:

> "thought there would be a drug deal that would happen later on in the day, [so they] requested assistance for a possible vehicle stop."

SA Zirkle corroborated SA Joyner's testimony, as did their report.

---

[1] 2021 U.S. Dist. LEXIS 132645 *; 2021 WL 3021270 (Attachment A)

3

**d. Plaintiff's Arrest, Search and Seizure adjudicated to be Illegal:**

At the aforementioned evidentiary hearing, the Plaintiff discovered that his arrest, search and seizure was in fact unlawful. That, Judge Honorable Victoria A. Roberts determined that:

*"the government does not rely on the alleged civil traffic infractions to justify the traffic stop and subsequent search and arrest of Bray. It relies solely on the evidence from the wiretaps and drug investigation."*

The Court further determined that:

*"In stopping Bray, the MSP troopers acted in objective reliance on the information received from SA Joyner. Id. This included the relevant information — i.e., a request from the DEA/FBI that they stop Bray because they had reason to believe he was going to engage in a drug transaction. See id. ("[I]t is immaterial that the troopers were unaware of all of the specific facts that supported the DEA's reasonable suspicion analysis. The troopers possessed all the information they needed to act—a request by the DEA . . . that they execute the traffic stop in the expectation that illegal narcotics would be found in the vehicle.")."*

The Court further found:

*"that officers had reasonable suspicion to stop Bray for an investigatory Terry stop but not probable cause to believe he was committing a crime or had contraband on him or in the car. Thus, there was no probable cause to search or arrest Bray at the time of the stop."*

**e. MSP officer Unknown Skean Failed to Intervene/Protect:**

11. From the time of the stop until the Plaintiff was released, MSP officer Unknown Skean was an observer of the actions of MSP officer Ethan Berger as aforementioned in **(1-8)**. During this time MSP officer Unknown Skean failed to intervene and protect the Plaintiff's *Fourth Amendment* Right thus allowing MSP officer Ethan Berger to unlawfully arrest, search and seize the Plaintiff and his funds.

12. From the time of the stop until the Plaintiff was released, MSP officer Unknown Skean, as an MSP officer trained in the relevant law (*Fourth Amendment*) had an affirmative duty to intervene and protect the Plaintiff from the unlawful actions of MSP officer Ethan Berger as aforementioned in (1-8). MSP officer Unknown Skean was a consistent observer of the actions of

4

MSP officer Ethan Berger. As such, and as a person trained in the relevant law (Fourth Amendment) MSP officer Unknown Skean had reason to know that the Plaintiff was suffering a constitutional harm. Also, MSP officer Unknown Skean had the opportunity, e.g., at a minimum, to inform MSP officer Ethan Berger that his actions violated the Plaintiff's Constitutional Rights; and the means, e.g., at a minimum, to inform [his] and MSP officer Ethan Berger's supervisor of the unlawful actions of MSP officer Ethan Berger.

No action of MSP officer Ethan Berger's in this matter happen in a manner that would prevent MSP officer Unknown Skean from intervening and protecting the Plaintiff from the unlawful actions of MSP officer Ethan Berger.

**f. Suffered Injuries:**

13. The whole of this ordeal from the time of arrest to the Plaintiff's release from the MSP Headquarters lasted almost 6hours during which time the Plaintiff suffered humiliation, shock, embarrassed, fright, mental anguish, outrage and indignity.

**RELIEF REQUESTED**

Plaintiff, Jerome Bray requests the Court:

A. Issue a declaratory judgment stating that:
1. The actions of Defendant Ethan Berger violated Plaintiff's Fourth Amendment Right of the U.S. Constitution.
2. The actions of Defendant Unknown Skean violated Plaintiff's Fourth Amendment Right of the U.S. Constitution.

B. For Injuries Suffered:
Award non-economic loss compensatory damages in the following amounts:
1. Against Defendant Ethan Berger, in the amount of $125,000.00 for mental anguish, fright, shock and embarrassment.
2. Against Defendant Unknown Skean, in the amount of $125,000.00 for mental

anguish, fright, shock and embarrassment.

**C.** For Injuries Suffered:

Award exemplary damages in the following amounts:

    1. Against Defendant Ethan Berger, in the amount of $125,000.00 for humiliation, outrage and indignity.

    2. Against Defendant Unknown Skean, in the amount of $125,000.00 for humiliation, outrage and indignity.

**D.** For Injuries Suffered:

Award punitive damages in the following amounts:

    1. Against Defendant Ethan Berger, in the amount of $400,000.00 for violating Plaintiff's Fourth Amendment Right.

    2. Against Defendant Unknown Skean, in the amount of $400,000.00 for violating Plaintiff's Fourth Amendment Right.

**E.** Award such other and further relief as this Court may deem appropriate.

                                               Respectfully submitted by:

Date: ___/____/2023.

                                               Jerome Bray
                                               Pro Se
                                               19307 Freeland
                                               Detroit, Mich. 48235

## Verification

I, Jerome Bray, have read the foregoing complaint and hereby verify that the matters alleged therein are true. I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Date:____/____/2023.

*Jerome Bray*
Jerome Bray
Pro Se
19307 Freeland
Detroit, Mich. 48235

JS 44 (Rev. 10/20)  **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jerome Bray

**DEFENDANTS**
Ethan Berger
Unknown/Skean

(b) County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*       Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | PERSONAL PROPERTY | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | | [ ] 861 HIA (1395ff) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [x] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 550 Civil Rights [ ] 555 Prison Condition [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD
Jerome Bry  2-16-2023

**FOR OFFICE USE ONLY**

RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

**PURSUANT TO LOCAL RULE 83.11**

1. Is this a case that has been previously dismissed?   ☐ Yes   ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)   ☐ Yes   ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes : _____