UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME BRAY,

        Plaintiff,

v.

ETHAN BERGER, *et al.*,

        Defendants.

_____/

Civil Action No. 23-10410

Linda V. Parker
United States District Judge

David R. Grand
United States Magistrate Judge

### REPORT AND RECOMMENDATION TO GRANT DEFENDANT ETHAN BERGER'S MOTION FOR JUDGMENT ON THE PLEADINGS (ECF No. 22), AND TO *SUA SPONTE* DISMISS PLAINTIFF'S CLAIMS AGAINST DEFENDANT DAVID SKEANS

On February 16, 2023, *pro se* plaintiff Jerome Berger ("Berger"), an incarcerated person, filed his civil rights complaint under 42 U.S.C. § 1983, against Michigan State Police ("MSP") officers Ethan Berger ("Berger") and David Skeans ("Skeans"), alleging violations of his Fourth Amendment rights based on an unlawful arrest, search and seizure, and a failure to intervene and protect, during a traffic stop that occurred on February 15, 2017. (ECF No. 1).

On December 20, 2023, defendant Berger filed a motion for judgment on the pleadings[1] (ECF No. 22), which has been fully briefed (ECF Nos. 26, 28). The case was referred to the undersigned for all pretrial matters, pursuant to 28 U.S.C. § 636(b). (ECF

---

[1] In his motion, defendant Berger notes that "as of this filing, the MSP has not received a request for representation from Skeans," who is no longer employed by the MSP, that it is "anticipated that a request for representation will be forthcoming and will be granted," and that the "arguments made on behalf of Berger are equally applicable to Skeans." (ECF No. 22, PageID.69 n.1).

No. 24).

## I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that defendant Berger's motion for judgment on the pleadings **(ECF No. 22)** be **GRANTED**, and that Bray's claims against defendant Skeans be *sua sponte* **DISMISSED** as barred by the statute of limitations.

## II. REPORT

### A. Background

In his complaint, which was filed on February 16, 2023, Bray alleges that, on February 15, 2017, he was pulled over while driving by defendant officers Berger and Skeans for a traffic violation of "following too closely." (ECF No. 1, PageID.2). After pulling Bray over, officer Berger ordered Bray out of his car and placed him under arrest. (*Id.*). Officer Berger then searched Bray and "removed $12,000.00 from [his] person," radioed for a canine unit to search the vehicle, and then searched the vehicle himself, wherein he found another $7,841.00 in the center console. (*Id.*). Officer Berger seized the funds, and officers Berger and Skeans took Bray to MSP Headquarters in downtown Detroit, wherein Bray "was fingerprinted, held in a holding cell and eventually released." (*Id.*, PageID.3). Bray was eventually charged with a drug trafficking crime related to the incident in question, Eastern District of Michigan Case No. 19-20216, *United States v. Bray* (the "Criminal Case"). Indeed, in the Criminal Case, Bray pleaded guilty to knowingly using a cell phone on February 15, 2016, to arrange for the purchase a kilogram of cocaine. (Criminal Case, ECF No. 455, PageID.2533-34).

Bray now alleges that while the Criminal Case was pending against him, his counsel advised him that his arrest, search and seizure, and questioning on February 15, 2017, were possibly unlawful. (ECF No. 1, PageID.3).² On November 9, 2020, Bray's counsel filed in the Criminal Case a motion to suppress the money recovered by MSP officers and the statements Bray made during the February 2017 traffic stop. (*Id.*). Bray alleges that, between June and July 2021, an evidentiary hearing was held in the Criminal Case, during which he learned that the traffic stop on February 15, 2017, was "actually at the behest of" DEA and FBI agents. (*Id.*). He alleges that the Honorable Victoria A. Roberts granted his motion to suppress, finding that the officers had reasonable suspicion to stop him for an investigatory *Terry* stop, but no probable cause to search or arrest him at the time of the stop.³ (*Id.*, PageID.4). As such, Bray alleges that this is when he "discovered" that his arrest and search and seizure were unlawful. (*Id.*).

Bray also alleges that, from the time of the stop until he was released, officer Skeans was "an observer of the actions of MSP officer [] Berger" and had "an affirmative duty to intervene and protect [Bray] from the unlawful actions of MSP officer [] Berger," but failed

---

² Bray alleges that "[u]ntil this time, [he] had no cause to believe that his arrest, search and seizure was unlawful as he was informed by MSP officer [] Berger that his arrest, search and seizure was the result of a traffic violation and the amount of money in his possession." (*Id.*).

³ The docket in the Criminal Case confirms Bray's account. Judge Roberts issued an Order granting Bray's motion to suppress in *United States v. Bray*, No. 19-20216, 2021 WL 3021270 (E.D. Mich. July 16, 2021). Judge Roberts' ruling was based on the fact that while "MSP troopers stopped Bray for 'following too closely,'" and "driving without insurance." *Bray*, 2021 WL 3021270, at *2, "[t]he government [did] not rely upon these civil traffic infractions to justify the legality of the traffic stop and the subsequent search and arrest of Bray," but rather "relie[d] solely on the evidence from the wiretaps and drug investigation . . . [for] probable cause that contraband or other evidence of criminal activity would be found in Bray's car . . ." *Id.* at *3.

to do so in violation of Bray's Fourth Amendment rights. (*Id.*, PageID.4-5).

Based on the above, Bray raises individual-capacity claims for money damages against officer Berger based on an unlawful arrest and unlawful search and seizure, and against officer Skeans based on a failure to intervene and protect Bray from officer Berger's actions, all in violation of the Fourth Amendment. As for injuries, Bray alleges that "[t]he whole of his ordeal from the time of arrest to [his] release from the MSP Headquarters lasted almost 6 hours during which time [he] suffered humiliation, shock, embarrassed [sic], fright, mental anguish, outrage, and indignity." (*Id.*, PageID.5).

Defendant Berger now moves for judgment on the pleadings, arguing that Bray's claims are barred by the three-year statute of limitations for § 1983 claims. (ECF No. 22). Berger also contends that his arguments concerning the statute of limitations "are equally applicable to Skeans." (*Id.*, PageID.69 n.1).

**B.    Standard of Review**

Pursuant to Fed. R. Civ. P. 12(c), "a party may move for judgment on the pleadings." Such a motion is reviewed under the same standard as motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Vickers v. Fairfield Medical Center,* 453 F.3d 757, 761 (6th Cir. 2006). Therefore, on a motion brought pursuant to Rule 12(c), judgment may be issued for a party's failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6) and (c).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to prevent a complaint from being dismissed on grounds that it fails to comport sufficiently with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**C.    Analysis**

The dispositive issue here is whether Bray's Fourth Amendment claims against

officers Berger and Skeans are barred by the three-year statute of limitations for § 1983 claims.

Federal courts apply state statutes of limitations in determining whether a plaintiff's § 1983 claim is timely. *See Green v. City of Southfield*, 759 F. App'x 410, 414 (6th Cir. 2018). The Sixth Circuit has adopted Michigan's personal injury three-year statute of limitations for claims, like Bray's, brought pursuant to § 1983. *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005). "Although state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run." *Id.*

"The general rule is that the limitations periods for unconstitutional search and seizure actions and unlawful arrest actions begin to run at the time of the injury." *Goff v. Monroe*, No. 23-10900, 2024 WL 340808, at *3 (E.D. Mich. Jan. 30, 2024) (citing *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005), and *Wallace v. Kato*, 549 U.S. 384 (2007)). "This is when a plaintiff has 'complete and present cause of action'; in other words, when 'the plaintiff can file suit and obtain relief.'" *Id.* (citation omitted).

      i.    **Unlawful Arrest Claim**

In addition to the general principles discussed above, the Sixth Circuit has stated that a claim for unlawful arrest has "special accrual rules":

> In *Wallace*, [] the [Supreme] Court made clear that the torts of false arrest and false imprisonment have special accrual rules. These torts, which again challenge a detention without legal process, accrue at the earlier of two dates. They accrue when the false imprisonment ends with the plaintiff's release. Or, if the plaintiff remains detained, they alternatively accrue when the false imprisonment ends with the issuance of legal process—when, for example, the plaintiff is brought before a

6

magistrate.

*Dibrell v. City of Knoxville, Tennessee*, 984 F.3d 1156, 1162 (6th Cir. 2021) (citations omitted).

Here, Bray's unlawful arrest claim is based on events that took place over a span of "almost 6 hours" on February 15, 2017, during which officers Berger and Skeans pulled Bray over, arrested him, detained him at MSP Headquarters, and ultimately released him. (*See* ECF No. 1, PageID.5 ("The whole of this ordeal from the time of arrest [on February 15, 2017,] to the Plaintiff's release from the MSP Headquarters lasted almost 6 hours during which time the Plaintiff suffered humiliation, shock, embarrassed, fright, mental anguish, outrage, and indignity.")). Thus, the statute of limitations started to run on the date of his arrest on February 15, 2017, or at latest, once he was released from being detained at MSP Headquarters "6 hours" after his arrest. *See Dibrell*, 984 F.3d at 1162; *see also Chen v. City of Lansing, Michigan,* 2022 WL 3585635, at *2 (6th Cir. Aug. 22, 2022) ("And Chen alleges that Garcia and Fearnow injured him when they arrested him without probable cause on June 12, 2016. [] So the Statute of limitations started to run then."). Because Bray's complaint was filed on February 16, 2023, six years after the date of the incident on February 15, 2017, his unlawful-arrest claim falls outside the three-year statute of limitations and is subject to dismissal.

To the extent Bray argues that he previously had "no cause to believe that his arrest, search and seizure was unlawful" and only "became aware of possible unlawful arrest, search and seizure" after speaking to counsel in "October 2020," such argument is unavailing for two reasons. First, the Sixth Circuit has rejected attempts to apply a

"discovery rule" to false arrest claims, explaining:

> The plaintiff in [*Wallace*], Andre Wallace, had been convicted, and an appellate court had vacated his conviction. 549 U.S. at 386–87[]. He brought a § 1983 claim for an alleged false arrest and imprisonment under the Fourth Amendment. *Id.* at 390[]. The Court rejected his contention that this claim accrued on his release date. *Id.* Instead, the claim accrued "much earlier, when legal process was initiated against him[.]" *Id.* And we cannot accept for Dibrell what the Supreme Court rejected for Wallace.

*Dibrell*, 984 F.3d at 1163.

In other words, *Dibrell* made clear that, at the latest, a false arrest claim accrues with the plaintiff's release, or if he remains retained, with the issuance of legal process. *Id.* at 1162. Here, Bray was released 6 hours after his arrest and detainment on February 15, 2017, at which time his claim accrued. Moreover, "[a] plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984). That Bray came to understand the reason his arrest and search/seizure might have been unlawful only after he spoke to counsel in October 2020 indicates that it was discoverable at an earlier time through the exercise of reasonable diligence. *See also, e.g., Pierre v. Treasury Dep't*, No. CV 18-3443 (JLL), 2019 WL 2121369, at *4 (D.N.J. May 14, 2019) ("It is well settled that the statute of limitations for a false arrest/imprisonment claim under § 1983 begins to run once the plaintiff is detained pursuant to legal process. *Wallace[,* 549 U.S. at 391]. Furthermore, Courts in the Third Circuit have found that the discovery rule is inapplicable to cases of false arrest imprisonment, as a plaintiff will know both of the injury and those responsible at the time of his or her arrest. . . . principles of equitable tolling, such as the discovery rule,

cannot apply to Plaintiff's false arrest/imprisonment claim under § 1983, because Plaintiff would 'be aware both of his injury, *i.e.*, the wrongful arrest, and those responsible for that injury, *i.e.*, the police, at the time of arrest.'"); *Terry v. Talmontas*, No. 11 CV 6083, 2014 WL 1153505, at *4 (N.D. Ill. Mar. 21, 2014) ("The controlling Supreme Court and Seventh Circuit precedent is clear that a Section 1983 false arrest claim accrues at the time of the arrest, not at a point in time when [the arrested person] purportedly discovered the nature of his injury.").

Second, even if learning the *nature* of one's unlawful arrest is distinguishable from learning the *facts* that rendered it unlawful, *see Ballard v. Kesner*, No. 4:21-CV-5, 2023 WL 1794804, at *2 (S.D. Ga. Feb. 7, 2023) ("A potential plaintiff's awareness of the legal significance of facts, as opposed to his awareness of the facts themselves, is not necessary to trigger the limitations period.") (emphasis in original), Bray's claim would still fail. In the Criminal Case, Judge Roberts found *both* that (1) neither "civil infraction would justify the search or arrest," and (2) Bray's arrest was without probable cause because the wiretap "calls were vague and did not mention narcotics" and "there was no evidence other than the few vague phone calls demonstrating that Bray was a drug trafficker." (Criminal Case, ECF No. 350, PageID.2017). The "civil infractions" were thus problematic from the outset, and since the wiretapped calls in question involved Bray, he necessarily had knowledge of them, including what he and the other participants did and did not say. In short, at the time of his arrest, Bray had all the information necessary to know that his arrest was unlawful. That Bray failed to timely appreciate the unlawfulness of his arrest does not delay the accrual date of his claims or the commencement of the statute of limitations.

Accordingly, even if the discovery rule applied, Bray's unlawful arrest claim fails.

### ii. Unlawful Search and Seizure Claim

A similar analysis applies to Bray's claim of an unlawful search and seizure, as courts in this circuit "consistently have held that a section 1983 claim for an improper search and seizure of property accrues on the date the search and seizure takes place." *Hamman v. Charter Twp. of Van Buren*, 2021 WL 534487, at *5 (E.D. Mich. Feb. 11, 2021) (collecting cases). For the same reasons explained above, because Bray's complaint makes clear that the search and seizure took place on February 15, 2017, and he did not file his instant complaint until six years later on February 16, 2023, his claim is barred by the three-year statute of limitations. *See Steel v. Kelly*, 2016 WL 11618614, at *2 (6th Cir. Aug. 24, 2016) (finding an unlawful search claim to have accrued on the date of the search where the plaintiff was present for the search and thus "knew or had reason to know" of his injury at the time it happened).

### iii. Failure to Intervene Claim

Finally, because Bray alleges that officer Skeans failed to intervene and protect him from the unlawful conduct of officer Berger that took place on February 15, 2017, Bray's failure-to-intervene claim accrued on that same date. *See Anderson v. Knox Cnty.*, 2018 WL 7500205, at *8 (E.D. Ky. Oct. 3, 2018) ("Logic dictates that the same accrual date govern both the failure-to-intervene claim and the underlying § 1983 claims that the Defendants are alleged to have failed to intervene and protect.") (quotation and citation omitted). For all the reasons explained above, Bray's complaint, filed on February 16, 2023, falls well outside the three-year statute of limitations. Thus, Bray's claim against

10

officer Skeans for failure to intervene is time-barred.

In sum, all of Bray's claims against officers Berger and Skeans accrued at the time of the incident in February 2017, and are barred by the three-year statute of limitations.

## III.     CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that defendant Berger's motion for judgment on the pleadings **(ECF No. 22)** be **GRANTED**, and that Bray's claims against officer Skeans be *sua sponte* **DISMISSED** as barred by the three-year statute of limitations for § 1983 claims.

Dated: April 9, 2024                                         s/David R. Grand
Ann Arbor, Michigan                                     DAVID R. GRAND
                                                                          United States Magistrate Judge

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to

be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 9, 2024.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
